**Reginal L. HUGGINS, Appellant,**

**v.**

**STATE of Delaware, Appellee.**

**Harold James STEVENSON, Defendant below, Appellant,**

**v.**

**STATE of Delaware, Plaintiff below, Appellee.**

Supreme Court of Delaware.

Submitted Oct. 11, 1974.

Decided March 14, 1975.

Mark A. McNulty, Dover, for Reginal L. Huggins, appellant.

Dana C. Reed, Dover, for State of Delaware, appellee.

George H. Jones, Dover, for Harold James Stevenson, defendant below, appellant.

Harrison Turner, Dover, for State of Delaware, plaintiff below, appellee.

Before HERRMANN, C. J., DUFFY, J., and QUILLEN, Chancellor.

PER CURIAM:

These appeals are controlled by our interpretation today of 11 Del.C. § 3509

(which now appears in the 1974 Revision of the Delaware Code Annotated as 11 Del.C. § 3507) in Keys v. State, Del.Supr., 337 A.2d 18 (1975).

The appellants, Reginal L. Huggins and Harold James Stevenson, were convicted of robbery along with two other defendants, Vanlear Gilbert and Anthony Cassons, in a jury trial. The appellants, by separate appeals, have attacked the judgments below.

The State's case rested to a large extent on the testimony of Dover Police Lieutenant James L. Hutchison who testified, among other things, as to out-of-court oral statements made by Anthony Layton Waters, an admitted participant in the robbery and a twice convicted felon. The statements implicated the defendants as participants in the robbery. Waters had been granted immunity. The State did not call Mr. Waters. At the conclusion of Hutchison's testimony, the Trial Judge specifically inquired if the defendants were "desirous of calling Mr. Waters for cross-examination". Counsel for the defendant Cassons did so and counsel for all four defendants did in fact cross examine Waters. The State conducted redirect examination. At the conclusion of Waters' testimony, the State rested.

■ The evidence of the oral out-of-court statements was admitted under the Statute, 11 Del.C. § 3509. The Statute is quoted in full in the *Keys* opinion. Since our interpretation of the legislative language used in the Statute required the State to call Waters for direct examination [Keys v. State, *supra*], there was error in the trial.

■ To paraphrase what we said in *Keys,* we do not think the Statute should be interpreted to permit the State to introduce second hand the testimonial evidence of an accomplice through a police investigator and shift the burden to the defendant to produce the real witness before the trier of fact. We recognize that the State must rely on the witness it can get and does not always have the luxury of a witness beyond reproach. But the State should bear the burden of presenting its witness to the jury.

■ While it can be argued that we are speaking of a matter of procedure, we nonetheless think it is a matter of substantial importance for reasons elaborated upon in *Keys,* and, especially so on this record, where the case for the State rested largely on the out-of-court statements of Waters. The error here, in our judgment, is not harmless and requires a new trial. While this is particularly true in the case of Huggins, in Stevenson's case as well, the error could easily have been prejudicial since Waters' out-of-court statement made Waters the key witness for the State.

Since a new trial is required, we need not specifically deal with other matters raised by the briefs. We deem it advisable, however, to make a general comment about oral statements. This comment should be given specific attention by the Superior Court in the retrial of these two defendants.

■ The Statute does not distinguish between written and oral statements. The Statute admits as affirmative evidence "the voluntary out-of-court prior statement of a witness". It is the statement of the declarant that is being admitted, not the interpretative narrative of the person who heard the statement. Care should be taken to guarantee that the Statute is not abused by permitting a witness, such as a police officer, to embellish the prior statement by his own interpretation, even if the embellishment is made in the utmost good faith. Obviously, the best protection in this regard is a written statement. In the case of oral statements, the best safeguard would seem to be in foundation questions establishing the time, the place and the person to whom the statement was made. These are the traditional safeguards in treating a witness fairly when impeaching him by a prior inconsistent statement. McCormick's Handbook of the Law Evidence, § 37 at 72 (2d ed. E. Cleary 1972) citing, among others, Angus v. Smith, Moo. & M. 473, 474,

173 Eng.Rep. 1228 (1829). It would seem that no less a standard should be required for evidence having "substantive independent testimonial value."

The judgments are reversed and the cases remanded for a new trial.